**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PMT HOLDINGS, LTD. <br><br>      Plaintiff, <br><br> v. <br><br> WESTMINSTER, INC., <br><br>      Defendant. | Case No.: _____ <br><br><br> **JURY DEMAND** |

**COMPLAINT**

Plaintiff PMT Holdings, Ltd. ("PMT"), by its attorneys, as and for its Complaint against

Defendant Westminster, Inc. ("Westminster") alleges as follows:

**NATURE OF THE CASE AND THE PARTIES**

1.      This is an action for: (1) violation of §43(a) of the Lanham Act, 15 U.S.C.

§1125(a); (2) violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq*.; (3)

violation of the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, e*t seq*.;

(4) common law unfair competition; (5) tortious interference with prospective economic

advantage; and (6) violation of Georgia Code §10-1-770, *et seq*.

2.      Plaintiff PMT is a Hong Kong corporation with its principal place of business at

67 Mody Road, Room 511, Peninsula Centre, Kowloon, Hong Kong.

3.      PMT is in the business, among other things, of importing, distributing, offering

for sale and selling toys, games and accessories.

4.      Defendant Westminster is a Georgia corporation with its principal place of

business at 159 Armour Drive N.E., Atlanta, Georgia 30324.  Westminster may be served with

process via its registered agent, Stephen Richardson, 1155 Lavista Road, Apt. 2227, Fulton,

Atlanta, Georgia, 30324.

5.      Westminster is in the business, among other things, of offering for sale and selling

tabletop games and accessories.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §

1332(a)(2) as this action is between a citizen of a state and a citizen or subject of a foreign state,

and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      This Court also has subject matter jurisdiction over Count I for violation of §43(a)

of the Lanham Act under 28 U.S.C. §1331 and 15 U.S.C. §1121(a).

8.      This Court has subject matter jurisdiction over the remaining Counts II through

VI under its supplemental jurisdiction, 28 U.S.C. §1367(a), as they arise from the same

transactions or occurrences as PMT's Lanham Act claim, and therefore, form part of the same

case or controversy.

9.      This Court may exercise personal jurisdiction over Westminster under the Illinois

Long-Arm Statute, 735 ILCS §5/2-209, because Westminster has transacted business in Illinois

and has committed tortious acts as described below in Illinois.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2), (b)(3),

and (c)(2) since: (a) a substantial part of the events or omissions giving rise to PMT's claims

occurred within this district; and (b) Westminster is subject to personal jurisdiction here.

## WESTMINSTER'S FALSE STATEMENTS AND
## DIRECT INTERFERENCE WITH PMT'S CUSTOMERS

11.     Westminster, through its purported attorneys, Bay State IP, located in Boston, Massachusetts, sent to PMT a cease and desist letter ("C&D Letter") (Exhibit A) dated March 23, 2016.

12.     The C&D Letter alleges that PMT is "offering for sale and selling tabletop games and accessories within China and the United States, which are identical copies of Westminster's products."

13.     Contrary to the Westminster's statements in its C&D Letter, PMT is not "offering for sale and selling tabletop games and accessories within China and the United States, which are identical copies of Westminster's products."

14.     The C&D Letter also states that "Westminster possesses patent and intellectual property protection within both the United States and China for numerous inventions and devices."

15.     On information and belief, Westminster does not own any patent rights in the United States.  Instead, Westminster only identified in the C&D Letter a single Chinese Utility Model registration to which Westminster purportedly owns rights.

16.     The C&D Letter does not indicate which, if any, trademarks Westminster owns in the United States.

17.     A search of the U.S. Patent and Trademark Office records shows that Westminster does not own any registered trademark rights in the United States.

18.     On information and belief, Westminster does not own any common law trademark rights in the United States.

19.     Therefore, contrary to Westminster's statements in its C&D Letter, it does not possess "patent and intellectual property protection within both the United States and China for numerous inventions and devices."

20.     The C&D Letter further states that "[y]ou are herein on notice that the activities surrounding the selling of tabletop games and accessories reads on the claims of at least one Chinese patent belonging to our client, namely Chinese Utility Patent #ZL 2012 2 0350294.7 [the "Chinese Utility Model"].  Thus, the selling of tabletop games and accessories (the 'Infringing Products'), by you and/or PMT Holdings Limited therefore constitutes infringement of Chinese Utility Patent #ZL 2012 2 0350294.7."

21.     Contrary to Westminster's representation in the C&D Letter, #ZL 2012 2 0350294.7 is not a Chinese Patent of Invention, but rather a Chinese Utility Model.  Under Chinese law, the Chinese Utility Model only covers the shape or structure of an apparatus.

22.     The Chinese Utility Model is not enforceable in the United States.

23.     The Chinese Utility Model relates to the shape or structure of plastic corners of a tabletop game.

24.     The C&D Letter goes on to state that "our client has been informed and believes, and upon such information and belief asserts that you and/or PMT Holdings Limited have been offering, and continue to offer, the Infringing Products for sale to long standing Westminster clients.  Therefore, Westminster asserts that you and/or PMT Holdings Limited have interfered with, and continue to interfere with, numerous established business relationships involving Westminster and long standing Westminster clients."

25.     Westminster has not identified a single Westminster client to which PMT has allegedly offered Infringing Products, or any long-standing client with whom PMT has allegedly

interfered.  Moreover, mere offering of products to Westminster customers cannot constitute tortious interference with any such relationship.

26.     Furthermore, the table games that Westminster has accused of infringing its Chinese Utility Model are known as "Open Market" items.  The factory that Westminster buys its products from displays such products at all conventions and trade shows in Hong Kong and China.  Westminster's customers are free to purchase from any supplier they choose, including PMT.

27.     The C&D Letter states that "[t]hus, by offering for sale, the above discussed Infringing Products, to existing clients of Westminster within the United States, you and/or PMT Holdings Limited are liable for patent infringement and tortious interference with contractual relations, among numerous accompanying actions, both within China and the United States."

28.     As shown above, neither PMT nor its customers can be liable for patent infringement in either China or the United States as Westminster does not own a Chinese patent, but rather a Chinese Utility Model.  In addition, Westminster does not own any United States patent rights, and PMT's tabletop structures are vastly different from those shown in the Chinese Utility Model.

29.     The C&D Letter also states that "Westminster is in contact with a series of corporate representatives regarding the illicit activities of you and/or PMT Holdings Limited.  Thus, Westminster will shortly be in possession of affidavits of a corroborative nature illustrating firsthand knowledge of the illicit activities performed by you and/or PMT Holdings Limited."

30.     The C&D Letter makes demands of PMT, including that it:  (1) permanently cease use, sale, offer for sale of the alleged Infringing Products; (2) recall all alleged Infringing Products located in the United States and China, and all who are reasonably likely to imported or

have imported merchandise into the United States; (3) deliver to Westminster all inventory of alleged Infringing Products; (4) cease all design and production of the alleged Infringing Products; (5) destroy all means for purposes for production, as well as any inventions conceived, developed or reduced to practice; (6) deliver all product design materials to Westminster; (7) cease all advertising and packaging for the alleged Infringing Products to parties located in China and the United States, and parties likely to import into the United States; (8) deliver all advertising and packaging to Westminster for destruction; (9) cease using Westminster trademarks in connection with the alleged Infringing Products in the United States and persons likely to import merchandise into the United States; (10) delete uses of Westminster's marks and depictions of the alleged Infringing Products from the internet; (11) provide an accounting of sales and revenues generated by the alleged Infringing Products; and (12) provide an accounting of sales and offers for sale under Westminster's name or trademarks.

31.     The C&D Letter requires that PMT confirm in writing by March 31, 2016, or eight (8) days from the date of the letter, that it has complied with its demands.

32.     PMT has not shipped a single unit of the alleged Infringing Products into the United States or anywhere else in the world.

33.     PMT has no inventory of alleged Infringing Products.

34.     PMT is in the process of finalizing orders for its tabletop game product.

35.     On information and belief, Westminster has performed no analysis relating to alleged infringement of the Chinese Utility Model by PMT or its products.  To the extent that Westminster did perform any purported comparison analysis, its analysis is on its face deficient as PMT's tabletop games plainly cannot infringe nonexistent United States patents, and does not infringe the Chinese Utility Model.

36.     Westminster has sent, or caused to be sent, threatening letters to numerous entities, including many of PMT's customers and potential customers, an example of which is attached as Exhibit B (Threat Letter).  These customers and potential customers include, but are not limited to Walgreens, Inc., located in Deerfield, Illinois; Mid-States Distributing Company, Inc., located in Mendota, Minnesota, Jennifer Schubert, who is the buyer for Calendar Holdings, located in Austin Texas; Modell's Sporting Goods, located in New York, New York, and Rite-Aid, located in Pennsylvania.

37.     The Threat Letter states "a competitor is offering the exact Table Game Designs that we have supplied for many years."  However, PMT's tabletop game is not identical to that shown in Westminster's Chinese Utility Model.

38.     The Threat Letter also states that "Westminster has a Chinese Utility Patent (#ZL 2012 2 0350294.7) on ALL of our 16", 20", and 24" Table Games (Soccer/Foosball, Air Hockey, Basketball, and Pool)."  As shown above, even assuming that Westminster jointly owns the Chinese Utility Model #ZL 2012 2 0350294.7, it is not an enforceable U.S. Patent.

39.     The Threat Letter further states that "Westminster will defend the Design Patent on our Table Games in China and in North America if any vendors attempt to directly copy our designs."  As shown above, Westminster has no U.S. patent rights.

40.     The Threat Letter further states that "[w]e are sending a letter directly to the vendor [PMT] from our Patent Attorney advising them of the potential legal actions they will face if they attempt to import products that violate our Design Patent rights."

41.     After receiving Threat Letter, a Walgreen's sales representative indicated to one of PMT's sales representatives that it was not going to place any orders with PMT due to the threat from Westminster.  The Walgreen's buyer raised concerns about possible legal

ramifications and patent infringement.  Only after assurances from PMT did Walgreen's agree to place an order with PMT.

42.     Calendar Holdings indicated its concern to PMT over Westminster's threatening letter, and did not order any products from PMT because it did not want to risk anything.

43.     The buyer for Modell's Sporting Goods informed PMT that it intended to order products during the week of March 28, 2016 and on April 4, 2016 decided not to do so.

44.     Mid-States Distributing challenged Westminster with respect to its purported intellectual property rights.  Westminster provided it an English translation of a purported Chinese Patent that they intended to enforce in the United States (Exhibit C).

45.     Rite-Aid received a threatening letter from Westminster about potential tabletop games. PMT had not shown nor offered Rite-Aid any tabletop games.

## COUNT I – VIOLATION OF §43(a) OF THE LANHAM ACT, 15 U.S.C. 1125(a)

46.     PMT repeats and realleges paragraphs 1-45 as if fully set forth herein.

47.     Westminster's C&D Letter, Threat Letter, and its conduct described above falsely represents that it has United States patent rights when it does not.  It also falsely accuses PMT and its customers of infringing and potentially infringing such nonexistent rights.  It further falsely states and threatens PMT and its customers that sales in the United States of PMT's products infringes Westminster's nonexistent patent rights.

48.     Westminster's C&D Letter, its Threat Letter, and its conduct described above also falsely represent the nature of its Chinese intellectual property rights and that PMT's products infringe such rights.

49.     Westminster's conduct described above constitutes misrepresentations of the nature, characteristics, and qualities of both PMT's and Westminster's goods, services, or

commercial activities, in commercial advertising or promotion in commerce in violation of 15 U.S.C. §1125(a).

50.    Westminster's C&D Letter, its Threat Letter, and its conduct are designed to scare off PMT customers, and have succeeded in doing so.

51.    Westminster's acts are causing irreparable injury to PMT, for which there is no adequate remedy at law, and will continue to do so unless Westminster is enjoined by this Court.

52.    Westminster's conduct as described above has been willful, wanton, and reckless.

53.    PMT is entitled to Westminster's profits resulting from its conduct, the damages caused to PMT as a result thereof, the costs of this action, and reasonable attorneys' fees in accordance with 15 U.S.C. § 1117.

## COUNT II – VIOLATION OF THE ILLINOIS DECEPTIVE TRADE PRACTICES ACT, 815 ILCS 510/1, *ET SEQ.*

54.    PMT repeats and realleges paragraphs 1-53 as if fully set forth herein.

55.    Westminster's C&D Letter, Threat Letter, and its conduct described above falsely represents that it has United States patent rights when it does not.  It also falsely accuses PMT and its customers of infringing and potentially infringing such nonexistent rights.  It further falsely states and threatens PMT and its customers that sales in the United States of PMT's products infringe Westminster's nonexistent patent rights.

56.    Westminster's C&D Letter, its Threat Letter, and its conduct described above also falsely represent the nature of its Chinese intellectual property rights and that PMT's products infringe such rights.

57.    Westminster's conduct described above constitutes misrepresentations of the nature, characteristics, and qualities of both PMT's and Westminster's goods, services, or commercial activities.

58.     Westminster's C&D Letter, its Threat Letter, and its conduct are designed to scare off PMT customers, and have succeeded in doing so.

59.     Westminster's acts are causing irreparable injury to PMT, for which there is no adequate remedy at law, and will continue to do so unless Westminster is enjoined by this Court.

60.     Westminster's conduct as described above has been willful, wanton, and reckless.

61.     Westminster's actions constitute a violation of Illinois, 815 ILCS 510/1, *et seq*.

62.     PMT is entitled to the costs of this action, and reasonable attorneys' fees pursuant to 815 ILCS 510/3.

### COUNT III – VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *ET SEQ.*

63.     PMT repeats and realleges paragraphs 1-62 as if fully set forth herein.

64.     Westminster's C&D Letter, Threat Letter, and its conduct described above falsely represents that it has United States patent rights when it does not.  It also falsely accuses PMT and its customers of infringing and potentially infringing such nonexistent rights.  It further falsely states and threatens PMT and its customers that sales in the United States of PMT's products infringes Westminster's nonexistent patent rights.

65.     Westminster's C&D Letter, its Threat Letter, and its conduct described above also falsely represent the nature of its Chinese intellectual property rights and that PMT's products infringe such rights.

66.     Westminster's conduct described above constitutes misrepresentations of the nature, characteristics, and qualities of both PMT's and Westminster's goods, services, or commercial activities.

67.     Westminster's C&D Letter, its Threat Letter, and its conduct are designed to scare off PMT customers, and have succeeded in doing so.

10

68.    Westminster's acts are causing irreparable injury to PMT, for which there is no adequate remedy at law, and will continue to do so unless Westminster is enjoined by this Court.

69.    Westminster's conduct as described above has been willful, wanton, and reckless.

70.    Westminster's actions constitute a violation of Illinois, 815 ILCS 505/1, *et seq.*, and PMT is entitled to damages for same under 815 ILCS 505/10a.

71.    PMT is entitled to the costs of this action, and reasonable attorneys' fees pursuant to 815 ILCS 505/10a.

## COUNT IV – ILLINOIS COMMON LAW UNFAIR COMPETITION

72.    PMT repeats and realleges paragraphs 1-71 as if fully set forth herein.

73.    Westminster's C&D Letter, Threat Letter, and its conduct described above falsely represents that it has United States patent rights when it does not.  It also falsely accuses PMT and its customers of infringing and potentially infringing such nonexistent rights.  It further falsely states and threatens PMT and its customers that sales in the United States of PMT's products infringes Westminster's nonexistent patent rights.

74.    Westminster's C&D Letter, its Threat Letter, and its conduct described above also falsely represent the nature of its Chinese intellectual property rights and that PMT's products infringe such rights.

75.    Westminster's conduct described above constitutes misrepresentations of the nature, characteristics, and qualities of both PMT's and Westminster's goods, services, or commercial activities.

76.    Westminster's C&D Letter, its Threat Letter, and its conduct are designed to scare off PMT customers, and have succeeded in doing so.

11

77.     Westminster's acts are causing irreparable injury to PMT, for which there is no adequate remedy at law, and will continue to do so unless Westminster is enjoined by this Court.

78.     Westminster's conduct as described above has been willful, wanton, and reckless.

79.     Westminster's actions constitute unfair competition under the Illinois common law.

80.     PMT is entitled to its damages, the costs of this action, and reasonable attorneys' fees.

### COUNT V – INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

81.     PMT repeats and realleges paragraphs 1-80 as if fully set forth herein.

82.     As shown above, PMT had reasonable expectations of entering into contracts and or business relationships.

83.     Westminster had knowledge of such expectations as its sent Threat Letters to each of these entities.

84.     By sending its Threat Letter to these and other entities, Westminster purposefully interfered, thereby preventing PMT's expectation from ripening into business relationships with these entities.

85.     Westminster's actions constitute intentional interference with PMT's prospective economic advantage.

86.     PMT has been damaged as a result of Westminster's interference.

87.     Westminster's acts are causing irreparable injury to PMT, for which there is no adequate remedy at law, and will continue to do so unless Westminster is enjoined by this Court.

88.     Westminster's interference has been willful, wanton and without regard to PMT's rights.

12

89.     PMT is entitled to its damages, the costs of this action, and reasonable attorneys' fees.

## COUNT VI- VIOLATION OF GEORGIA CODE §10-1-770, *ET SEQ.*

90.     PMT repeats and realleges paragraphs 1-89 as if fully set forth herein.

91.     Westminster's conduct described above constitutes a bad faith assertion of patent infringement in violation of Georgia Code §10-1-770, *et seq*.

92.     PMT has been damaged as a result of Westminster's bad faith assertion of patent infringement.

93.     Westminster's acts are causing irreparable injury to PMT, for which there is no adequate remedy at law, and will continue to do so unless Westminster is enjoined by this Court.

94.     Westminster's conduct has been willful, wanton and without regard to PMT's rights.

95.     PMT is entitled to its restitution, damages, exemplary damages, punitive damages, the costs of this action, and its expenses of litigation, including reasonable attorneys' fees under Georgia Code §10-1-773.

## PRAYER FOR RELIEF

WHEREFORE, PMT demands a judgment in its favor and against Westminster, and requests that this Court:

A.     Order, adjudge and decree that Westminster has violated § 43(a) of the Lanham Act, 15 U.S.C. 1125(a);

B.     Order, adjudge and decree that Westminster has violated the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*;

13

C.       Order, adjudge and decree that Westminster has violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*;

D.       Order, adjudge and decree that Westminster has committed the common-law tort of unfair competition;

E.       Order, adjudge and decree that Westminster has intentionally interfered with PMT's prospective economic advantage;

F.       Order, adjudge and decree that Westminster has violated Georgia Code §10-1-770, *et seq.*

G.       Issue a temporary, preliminary and permanent injunction prohibiting Westminster, and all of its representatives, agents, servants, employees, related companies, successors and assigns, and all others in privity or acting in concert with them, from;

1.       Misrepresenting the nature and characteristics of the PMT's and Westminster's products;

2.       Interfering with PMT's relationships with its customers and potential customers;

3.       Making bad faith assertions of patent infringement.

H.       Issue an order:

1.       Directing Westminster to disseminate, in a form to be approved by the Court, advertising designed to correct the aforementioned false and misleading claims made by Westminster to date;

2.       For award of compensatory damages;

3.       For reasonable attorneys' fees under the Lanham Act, Illinois 815 ILCS 510/3 and 505/10a, and Georgia Code §10-1773, and ;

14

4.      For an award of punitive damages;

5.      For restitution and disgorgement of all wrongfully acquired revenues;

6.      For costs for suit;

7.      Awarding all applicable interest, costs, pre-judgment interest, attorneys'

fees and such other and further relief at law and in equity, as this Court deems appropriate in the

interests of justice.

<u>**JURY TRIAL**</u>

PMT demands a trial by jury as to all issues so triable.


DATED: April 12, 2016                                    Respectfully submitted by,



                                                        /s/Edward L. Bishop
                                                        Edward L. Bishop
                                                        ebishop@bdl-iplaw.com
                                                        Nicholas S. Lee
                                                        nlee@bdl-iplaw.com
                                                        James J. Jagoda
                                                        jjagoda@bdl-iplaw.com
                                                        BISHOP DIEHL & LEE, LTD.
                                                        1475 East Woodfield Road Suite 800
                                                        Schaumburg, IL 60173
                                                        Phone: (847) 969-9123
                                                        Fax: (847) 969-9124

                                                        *Attorneys for PMT Holdings, Ltd.*